NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>FIDENCIO ARELLANO CUEVAS,<br><br>    Defendant - Appellant. | No. 23-1668<br><br>D.C. No.<br>3:22-cr-00308-TWR-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Submitted September 10, 2024**
Pasadena, California

Before: IKUTA and FRIEDLAND, Circuit Judges, and HSU, District Judge.***

Fidencio Arellano Cuevas appeals his convictions and sentence for

conspiracy to import and importation of methamphetamine in violation of 21

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Wesley L. Hsu, United States District Judge for the
Central District of California, sitting by designation.

U.S.C. §§ 952, 960, and 963.  We affirm.

The district court did not clearly err in concluding that Cuevas consented to the search of his cell phone under the totality of the circumstances.  *United States v. Cormier*, 220 F.3d 1103, 1112 (9th Cir. 2000); *Schneckloth v. Bustamente*, 412 U.S. 218, 222 (1973).  Even assuming Cuevas withdrew his initial consent to the search of the phone when he subsequently invoked his right to counsel, Cuevas later consented again, and there was no clear error in the district court's findings that Cuevas appeared "very willing to sign the" consent form at that point, the officers "didn't have their guns raised," and overall, it was not "an intimidating atmosphere."  *See United States v. Rodriguez-Preciado*, 399 F.3d 1118, 1126 (9th Cir. 2005).

Cuevas's consent did not amount to a violation of the Fifth Amendment right against self-incrimination.  *United States v. Lemon*, 550 F.2d 467, 472 (9th Cir. 1977) ("A consent to a search is not the type of incriminating statement toward which the Fifth Amendment is directed."); *United States v. Henley*, 984 F.2d 1040, 1042–43 (9th Cir. 1993) (same); *see also United States v. Patane*, 542 U.S. 630, 633–34 (2004) (plurality).

Cuevas cursorily references the district court's denial of his motion in limine to exclude the cell phone evidence as irrelevant and hearsay.  To the extent he argues this was error, we decline to address this argument because it is

"inadequately presented, and therefore waived." *See James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 n.1 (9th Cir. 2008).

Cuevas's sentence was substantively reasonable; it was not an abuse of discretion to weigh the large quantity and type of drugs he attempted to import against his health and lack of criminal history in imposing a significantly below-Guidelines sentence of 96 months. *United States v. Wilson*, 8 F.4th 970, 977 (9th Cir. 2021); *United States v. Carty*, 520 F.3d 984, 995 (9th Cir. 2008) (en banc).

**AFFIRMED**.